IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JOE BOND, § <br> TDCJ No. 1155865, § <br>     *Plaintiff*, § <br> v. § <br> § <br> BRIAN COLLIER, Executive Director, § <br> TDCJ, *et al.* § <br>     *Defendants*. § | Civil Action No. 7:21-cv-00067 <br> Jury |

**DEFENDANTS SCHIWART, BARRY, WATSON, AND MORATH'S ORIGINAL ANSWER & JURY DEMAND**

NOW COME Defendants Kevin Schiwart, William Barry, Caleb Watson, and Amber Morath ("Defendants") by and through the Attorney General for the State of Texas, and submit this Original Answer and Jury Demand.

### I. ANSWER

1. Defendants admit that Plaintiff was an inmate confined to the custody of the Texas Department of Criminal Justice (TDCJ) at all times relevant to this case.

2. Defendants Schiwart and Barry admit that they were employees of the Texas Department of Criminal Justice (TDCJ) at all times relevant to this case.

3. Defendants Watson and Morath admit that they were employees of Texas Tech University Health Science Center (TTUHSC) at all times relevant to this case.

4. Defendants admit that TDCJ and TTUHSC are agencies of the State of Texas.

5. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's complaint except those expressly admitted herein.

6. Defendants deny that they acted separately or in concert with others to engage in illegal conduct to injure Plaintiff.

7. Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983, but deny that such circumstances are present in this case.

8. Defendants deny that Plaintiff was deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States.

9. Defendants assert that Plaintiff may have failed to properly exhaust his administrative remedies prior to suit, as required by the PLRA.

10. Defendants assert that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

11. Defendants assert that any claim premised upon acts of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

12. Defendants assert that any claim premised upon the doctrine of respondeat superior will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

13. Defendants assert that at all times relevant to the allegations against him, they acted in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States, and hereby claim entitlement to a qualified, good faith immunity from suit. Defendants did not violate clearly established law of which a reasonable public official would have known.

14. Defendants hereby assert Eleventh Amendment immunity to any claim for damages brought against them in their official capacity.

15. Defendants assert that government officials acting in their official capacities are not

"persons" within the meaning of 42 U.S.C. § 1983, and generally are not proper parties to a cause of action under said statute.

16. Defendants, sued in their official capacity, are not liable for punitive damages.

17. Defendants deny that Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further deny that Plaintiff is entitled to damages, attorney's fees, interest, or costs in any amount whatsoever.

18. Defendants assert that this suit is frivolous and without merit and as such they are entitled to recover from Plaintiff the amount of any attorney's fees and costs incurred in defending this suit. Defendants seek to recover from Plaintiff such attorney's fees and costs expended by them in being required to defend this suit.

## II.   JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendants respectfully demand a trial by jury on all issues.

Defendants urge the Court to deny Plaintiff any and all relief demanded in his complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

SHANNA E. MOLINARE
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ OSCAR E. FARIAS*
**OSCAR E. FARIAS**
Assistant Attorney General
Law Enforcement Defense Division
Attorney-In-Charge
State Bar No. 24109177
Oscar.Farias@oag.texas.gov

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2143 (Phone No.)
(512) 370-9814 (Fax No.)

**ATTORNEYS FOR DEFENDANTS SCHIWART, BARRY, WATSON, AND MORATH**

### NOTICE OF ELECTRONIC FILING

I, **OSCAR E. FARIAS**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing in accordance with the Electronic Case Files system of the Northern District of Texas, on this the 16th day of December, 2021.

*/s/ OSCAR E. FARIAS*
**OSCAR E. FARIAS**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **OSCAR E. FARIAS**, Assistant Attorney General, do hereby certify that a true and correct copy of the foregoing has been served by placing the same in the United States Postal Service, postage prepaid, on this the 16th day of December, 2021, addressed to:

**JOE BOND, TDCJ #1155865**
TDCJ James V. Allred Unit
2101 FM 369
Iowa Park, TX 76367
**Plaintiff** *Pro Se*

*/s/ OSCAR E. FARIAS*
**OSCAR E. FARIAS**
Assistant Attorney General