**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JOE BOND,** | § | |
| **TDCJ No. 1155865,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:21-cv-00067-M-BP** |
| | § | |
| **BRIAN COLLIER, Executive Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are two Motions: Defendants Collier, Feazell, and Page's Motion to Dismiss (ECF No. 29), and Defendant Cris Love's Motion to Dismiss (ECF No. 55). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** the Motions and **DISMISS** Plaintiff Joe Bond's claims against Defendants Collier, Feazell, Page, and Love **WITH PREJUDICE**.

I.      **BACKGROUND**

Bond is an inmate in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. ECF No. 1.  He sued ten defendants on June 11, 2021, alleging various violations of his constitutional rights. *Id.* Bond says several officers "slammed [him] on the concrete and beat [him] up" in February 2021, and members of the prison clinic were deliberately indifferent to his medical needs after the alleged assault. *Id.* at 5. He alleges TDCJ

staff conspired to cover up the incident and hide video evidence of the attack, though his pleadings do not specify the details of the alleged conspiracy. *See* ECF Nos. 1 at 6; 24 at 9.

Bond sues the officers involved with his alleged assault, employees who worked at the prison clinic, and several TDCJ supervisors. *Id.* Two of the originally named defendants have been terminated: the Office of the Inspector General, for whom Defendant Cris Love was substituted (ECF No. 49), and Kevin Schiwart, for whom Defendant Carl Schiwart was substituted (ECF No. 25). The eight remaining defendants include Allred Unit Assistant Warden Michael Feazell; Allred Unit officers Carl Schiwart, William Barry, and Caleb Watson; clinic employees Kenyon Page and Amber Morath; and TDCJ officials Bryan Collier and Cris Love. These findings, conclusions, and recommendation do not address Bond's claims against Schiwart, Barry, Watson, and Morath.

Bond's Complaint lacked sufficient facts for the Court to understand his asserted bases for each defendant's liability. This prompted the Court's October 7 Questionnaire, which sought the "who, what, when, where, why, and how" of his allegations. ECF No. 23. He responded on November 1, though his responses undermined the alleged liability of several named defendants. ECF No. 24. The instant Motions seek dismissal of Bond's claims against Defendants Collier, Feazell, Page, and Love under Federal Rule of Civil Procedure 12(b)(6). *See* ECF Nos. 29, 55. After filing a litany of miscellaneous motions, Bond filed a Response to the Motion to Dismiss on March 16, 2022. ECF No. 62. The Response did not address any of Defendants' substantive legal arguments or factual assertions. *Id.*

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To state a viable claim, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Rule 12(b)(6) Motions serve "to dispose of cases where the material facts are not in dispute

and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). While complaints do not need detailed factual allegations to survive 12(b)(6) dismissal, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, the complaint must include enough facts "to raise a right to relief above the speculative level" with the court operating "on the assumption that all the complaint's allegations are true." *Id.*

When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The threshold is even lower for prisoner litigants, as courts recognize they often face significant hurdles in asserting their rights and typically lack formal legal educations. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). To ensure prisoners have every opportunity to assert their rights and communicate their legal concerns, the Court must "look beyond the inmates' formal complaint and [] consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Such subsequently filed materials may include court questionnaires, which provide "a useful means by which the court can develop the factual basis for the prisoner's complaint." *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976); *see also Eason v. Holt*, 73 F.3d 600, 602 & n.14 (5th Cir. 1996) (explaining questionnaire responses supplement the inmate's complaint). Aided by

3

such materials, the Court's mandate is straightforward: a *pro se* prisoner's augmented complaint "must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief." *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976).

### III.    ANALYSIS

Title 42 U.S.C. § 1983 creates a remedy against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." To allege a viable § 1983 claim, Bond must allege facts showing "two vital elements: (1) that he has been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2) that the persons depriving him of this right acted 'under color of any statute' of the State of Texas." *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988) (quoting § 1983). Bond fails to make the second showing for Love and the first showing for Collier, Feazell, and Page.

> **1.    Bond does not plead facts to show   Love's personal involvement with the Complaint's allegations.**

To establish the second § 1983 element, Bond must plead Defendants' personal involvement with the constitutional deprivations enumerated in his Complaint. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Creekmore v. Att'y Gen. of Tex.*, 341 F. Supp. 2d 648, 659 (E.D. Tex. 2004) (citing *Thompson*, 709 F.2d at 382) (analyzing "personal involvement" under the second element). This is because § 1983 "does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Consequently, Bond must allege facts showing an affirmative link between his injury and an act of each defendant he sues. *Murphy v. Kellar*, 950 F.2d 290, 292 & n.7 (5th Cir. 1992). Even liberally construed, Bond's pleadings do

4

not permit a reasonable inference such a link exists between Love and Bond's alleged mistreatment. *See Iqbal*, 556 U.S. at 678.

Bond's pleadings arbitrarily allege the Office of Inspector General, for whom Love was substituted, helped cover up video footage of officer wrongdoing without articulating facts that would even loosely support that assertion. ECF No. 1 at 4. Accepted as true, his pleadings demonstrate a chain of supervisorial responsibility between Love and the Allred Unit's officers. But that fact alone does not support any cognizable theory of § 1983 liability. *See Oliver*, 276 F.3d at 742. Bond's Questionnaire Answers acknowledged the link was supervisorial, clarifying that the basis for Love's liability is the Office of Inspector General's "constitutional and statutory duty to investigate" inmate grievances. ECF No. 24 at 9. However, an agency's secondary or tertiary investigative authority does not create § 1983 liability, which cannot be predicated on a supervisorial nexus to the Complaint's allegations. *Oliver*, 276 F.3d at 742. Thus, Bond's pleadings do not demonstrate Love's "overt personal participation" in the Complaint's allegations, warranting dismissal of his claims against Love. *See Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008) (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

    **2.**    **Bond does not plead that Collier, Feazell, and Page deprived him of any constitutionally or statutorily protected right.**

Bond's allegations against Collier, Feazell, and Page suffer from the same infirmity as his allegations against Love: he predicates their liability in part on their supervisorial roles within the TDCJ. *See* ECF No. 24 at 5 (Collier "is the policy maker [and] investigative agency [head] that has a constitutional [and] statutory duty to assure that his employees to not violate inmate's rights"), 7 (Feazell "had signature authority" and "abused his official capacity" when submitting responses to Bond's grievances), and 8 ("Facility Health Administrator Kenyon Page had signature authority when answering [Bond's] grievance"). But where his pleadings were completely devoid

of facts connecting Love to his allegations, Collier, Feazell, and Page were arguably more proximal to the mistreatment he alleges. Nevertheless, to the extent Bond alleges facts implicating Collier, Feazell, and Page, those assertions do not establish the first § 1983 element because they do not indicate those defendants deprived Bond of any legally recognized right.

As noted above, Bond predicates Collier's, Feazell's, and Page's liability on a perceived mishandling of his prison grievances. *See* ECF No. 24 at 5, 7-8. On that point, Defendants correctly contend that Bond "relies on a legally nonexistent interest and has failed to state a cognizable constitutional violation." *See* ECF No. 29 at 2-3. As the Fifth Circuit clarified in *Geiger v. Jowers*:

> [Plaintiff] also alleged that prison officials failed properly to investigate his grievances and letters complaining about the conduct of [prison] staff. Insofar as he seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous. '[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life.' [Plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

404 F.3d 371, 373-74 (5th Cir. 2005) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)). Thus, Bond fails to state a claim against Collier, Feazell, and Page because he does not allege they were connected to the assault recounted in his Complaint. To the extent he alleges they improperly handled the resulting grievance process, his pleadings tender "'naked assertions' devoid of 'further factual enhancement'" and thus cannot survive even the lenient rigors of Rule 12(b)(6) scrutiny. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). And even if his pleadings contained far more, his claim should be dismissed because it does not allege deprivations of a constitutionally or statutorily protected right. *Geiger*, 404 F.3d at 373-74. Because Bond thus fails to state a claim, Chief Judge Lynn should dismiss his lawsuit against Collier, Feazell, and Page under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6).

**3.      The Court should dismiss Bond's claims against Defendants Love, Collier, Feazell, and Page with prejudice because Bond has pleaded his best case given the facts alleged.**

The Fifth Circuit has long recognized that "[g]enerally a district court errs in dismissing a

*pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an

opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But this rule is not

absolute, as the Court explained in *Jacquez v. R. K. Procunier*:

> If the protections afforded public officials are not to ring hollow, plaintiffs cannot
> be allowed to continue to amend or supplement their pleading until they stumble
> upon a formula that carries them over the threshold. Such a protracted process is
> likely to disrupt public officials from their duties . . . . At some point a court must
> decide that a plaintiff has had a fair opportunity to make his case; if, after that time,
> a cause has not been established, the court should finally dismiss the suit.

801 F.2d 789, 792 (5th Cir. 1986). The Court liberally construed Bond's Complaint and

Questionnaire Answers. *See* ECF Nos. 1, 24. Because the facts in those pleadings could not give

rise to any possible plausible claim against Love, Collier, Feazell, or Page, the Court would not

err in dismissing those claims with prejudice. *Id.*; *Bazrowx*, 136 F.3d at 1054. Indeed, dismissal

with prejudice would be preferable because it would allow the protections afforded such officials

"not to ring hollow." *Jacquez*, 801 F.2d at 792. Thus, because the undersigned can "perceive of no

viable claim [Bond] could include in an amended petition with regard to these underlying facts,"

Chief Judge Lynn should dismiss his case against Love, Collier, Feazell, and Page with prejudice.

*See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

## V.      CONCLUSION

Bond's claims against Defendant Love should be dismissed because Love was uninvolved

with the incident alleged in Bond's Complaint. Bond's claims against Defendants Collier, Feazell,

and Page should be dismissed because they were not directly involved with the facts Bond alleges,

and to the extent they were, their handling of Bond's grievances cannot be the basis for § 1983

liability. While Bond alleges serious acts of impropriety against the remaining defendants, the law will not hold prison supervisors arbitrarily accountable for their subordinates' wrongdoings. Thus, Chief Judge Lynn should **GRANT** the Motions to Dismiss (ECF Nos. 29, 55) and **DISMISS** Bond's lawsuit against Defendants Love, Collier, Feazell, and Page **WITH PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 5, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE